Jon T. Simmons (ISB No. 5006)
Wade L. Woodard (ISB No. 6312)
GREENER BANDUCCI SHOEMAKER P.A.
Counselors and Attorneys at Law
950 West Bannock Street
Suite 900
Boise, Idaho 83702
Telephone (208) 319-2600
Facsimile (208) 319-2601
Email: jtsimmons@greenerlaw.com
wwoodard@greenerlaw.com

Attorneys for Plaintiff Barbara A. Spencer

NO.
FILED
A.M.

MAR 28 2007

J. DAVID NAVARRO, Clerk
By KATHY J. BIEHL
DEPUTY

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, COUNTY OF ADA

| | |
|---|---|
| BARBARA A. SPENCER, | CV OC 0705680 |
| Plaintiff, | Case No. _____ |
| v. | **SUMMONS** |
| CAPITAL ONE BANK, CAPITAL ONE SERVICES, INC., and STONEBRIDGE BENEFIT SERVICES, INC., | |
| Defendants. | |

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE- NAMED PLAINTIFF.** THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. **READ THE INFORMATION BELOW.**

TO:   **STONEBRIDGE BENEFIT SERVICES, INC.**
       **c/o CT CORPORATION SYSTEM**
       **300 N. 6th STREET**
       **BOISE, IDAHO  83702**

SUMMONS – Page 1



EXHIBIT
A

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above-designated court within twenty (20) days after service of this Summons on you. If you fail to respond, the court may enter judgment against you as demanded by the Plaintiff in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights are protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response in an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney; and

4. Proof of mailing or delivery of a copy of your response to Plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

**SUMMONS – Page 2**

DATED THIS _28_ day of March, 2007.

J. DAVID NAVARRO
Clerk of the District Court

By_____
      Deputy Clerk

**SUMMONS – Page 3**

Jon T. Simmons (ISB No. 5006)
Wade L. Woodard (ISB No. 6312)
GREENER BANDUCCI SHOEMAKER P.A.
Counselors and Attorneys at Law
950 West Bannock Street
Suite 900
Boise, Idaho 83702
Telephone (208) 319-2600
Facsimile (208) 319-2601
Email: jtsimmons@greenerlaw.com
       wwoodard@greenerlaw.com

Attorneys for Plaintiff Barbara A. Spencer

NO.
FILED
A.M.                          P.M.

MAR 28 2007

J. DAVID NAVARRO, Clerk
By KATHY J. BIEHL
DEPUTY

# IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, COUNTY OF ADA

| | |
|---|---|
| BARBARA A. SPENCER,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK, CAPITAL ONE SERVICES, INC., and STONEBRIDGE BENEFIT SERVICES, INC.,<br><br>Defendants. | Case No. **CV OC 0705680**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b)**<br><br>Fee Category:  A-1<br>Filing Fee:      $88.00 |

Plaintiff Barbara A. Spencer, for her complaint, hereby alleges the following claims and causes of action against Defendants Capital One Bank, Capital One Services, Inc. and Stonebridge Benefit Services, Inc. (hereinafter collectively referred to as "Defendants").

**COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b) - 1**

## I. NATURE OF ACTION

This action arises out of Defendants' wrongful denial of Plaintiff's claim for death benefits under Defendants' Payment Protection insurance plan.

## II. PARTIES

1.    Plaintiff Barbara A. Spencer ("Spencer") is a resident of Ada County, Idaho.

2.    Defendants Capital One Bank, Capital One Services, Inc. (collectively "Capital One") are, on information and belief, Delaware or Virginia corporations with their principal place of business in Virginia.

3.    Defendant Stonebridge Benefit Services, Inc., ("Stonebridge") is a Delaware corporation with its principal place of business in Plano, Texas.  At all times relevant hereto, Defendant Stonebridge, along with Capital One, transacted the business of insurance in the State of Idaho.

## III. JURISDICTION OF VENUE

4.    This Court has jurisdiction as the amount in controversy exceeds the jurisdictional minimum requirements of this Court.

5.    Venue is properly conferred on this Court pursuant to Idaho Code § 5-404.

## IV. GENERAL ALLEGATIONS

6.    Defendants sent unsolicited advertisements to Spencer's home encouraging her to apply for a Capital One Platinum Master Card ("Card") from Capital One and to transfer any balances on other credit cards to Capital One.

7.    Spencer applied for the Card and in or around February 2004 received a Card in her name and a second Card in her now deceased husband's name, Eldon J. Spencer.  Both Cards

**COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b) - 2**

had the same account number ending with 1973.  At that time, Spencer transferred a balance of approximately $6,735 to Capital One.

8.      In April 2004, Spencer enrolled in Capital One's Payment Protection Plan and began paying premiums based on a percentage of her account balance.  Those premiums ranged from $59.00 to $84.63 per month.  The premiums were calculated at $.89 per $100 of her account balance.

9.      Based on written materials provided by Defendants and communications with Capital One, Spencer was told that the coverage under the Payment Protection Plan would pay off any balance up to $10,000 in the event of the death of Spencer or her husband.  One of the written communications Spencer received states:

> This program pays the minimum monthly payment you owe on the eligible balance if you or your secondary cardholder becomes involuntarily unemployed or is unable to work due to temporary disability.  It also pays the entire balance, up to $10,000, in the event of death or permanent total disability of you or your secondary cardholder.

10.     In conversations with Capital One, Spencer was assured that death benefits would be provided in the event of the death of her husband because he was a secondary cardholder.

11.     On or about February 2006 Spencer received replacement cards.  Again, a card was provided for Spencer's husband, Eldon Spencer, with the same account number as Spencer's card.

12.     In July 2006, because of Eldon Spencer's ill health, Annette Spencer, daughter of Spencer, called Capital One to once again verify that Eldon Spencer was covered under the Payment Protection Plan.  Ms. Spencer was informed that Eldon Spencer was, indeed, covered as a secondary cardholder.

**COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b) - 3**

13.     On December 4, 2006, Eldon Spencer died.

14.     On December 13, 2006, per Capital One's instructions, Spencer faxed notification to Stonebridge of the death of Eldon Spencer and filed a claim for benefits under the Payment Protection Plan.

15.     Defendants denied Spencer's claim for death benefits under the Payment Protection Plan.  Stonebridge told Spencer's son that benefits were denied because Capital One instructed Stonebridge to deny benefits on the grounds that Eldon Spencer was not a secondary cardholder.

16.     Defendants failed to provide a written denial of coverage explaining the basis for the denial.

17.     On or before February 3, 2007, Spencer cancelled the Payment Protection Policy after being denied benefits.

18.     Since that time, Defendants have refused to pay off the balance as required under the Payment Protection Plan and have multiplied the interest on the balance.

19.     Capital One, on information and belief, wrongfully placed Spencer's account in default, which this default has been reported to various credit reporting agencies.

20.     Capital One has also wrongfully turned Spencer's account over to collections. The debt collectors have constantly harassed Spencer and have been extremely abusive to her. This abuse has continued despite the fact that Spencer has informed the debt collectors that she has hired an attorney and that they need to talk to her attorney.  This intentional abuse has been outrageous, and has caused Spencer severe emotional distress.

**COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b) - 4**

21.     Spencer has performed her obligations under the Payment Protection Plan and made the monthly premium payments beginning from March 2004 through the cancellation of the Payment Protection Plan in February 2007.

22.     On information and belief, Defendants and their debt collectors acted as agents of one another in dealing with Spencer concerning the Payment Protection Plan and her Capital One account.

## COUNT I

## DECLARATORY RELIEF

23.     The allegations included in paragraphs 1 through 22 above are incorporated by reference and made a part hereof.

24.     There is an actual and justifiable controversy concerning Spencer's rights under the Payment Protection Plan.

25.     Spencer is entitled to a judgment declaring that:

a.     Eldon Spencer was a secondary cardholder;

b.     Under the terms of the Payment Protection Plan, Spencer is entitled to death benefits as a result of the death of Eldon Spencer;

c.     Defendants breached the Payment Protection Plan by failing to pay off Spencer's Capital One account;

d.     Defendants duty of coverage is not fairly debatable;

e.     Spencer's Capital One Account should not have been placed in default;

f.     Defendants breached the covenant of good faith and fair dealing by nullifying and significantly impairing Spencer's benefits and rights under the Payment Protection Plan;

g.      Defendants misrepresented the insurance coverage provided to Spencer;

h.      Defendants failed to provide policy benefits in accordance with the terms and conditions of the policy;

i.      Defendants failed to provide benefits in accordance with point-of-sale representations made to Spencer;

j.      Defendants failed to honestly advise Spencer of her rights under the terms and conditions of her policy of insurance;

k.      Defendants refused to pay claims without conducting a reasonable investigation based upon all available information; and

l.      Defendants failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim.

## COUNT II

## BREACH OF CONTRACT

26.     The allegations included in paragraphs 1 through 25 above are incorporated by reference and made a part hereof.

27.     At all pertinent times, a contract existed between Spencer and Defendants in the form of the Payment Protection Plan.  Said contract included the point-of-sale representations made by Defendants to induce Spencer to enroll in the Payment Protection Plan.

28.     Defendants have breached the Payment Protection Plan by intentionally refusing benefits to Spencer upon the death of her husband.

29.     The above-described breaches of contract are not exhaustive.  Spencer, on information and belief, alleges that there may be other breaches of contract by Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b) - 6**

30.     As a direct, proximate and foreseeable result of Defendants 'breaches of contract, Spencer has suffered damages in excess of the jurisdictional minimum of this Court. These damages include, but are not limited to, the value of the benefits Spencer was entitled to under the Payment Protection Plan. Spencer will establish the precise amount of damages, including, but not limited to, her attorneys' fees, according to proof at trial.

## COUNT III

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

31.     The allegations included in paragraphs 1 through 30 above are incorporated by reference and made a part hereof.

32.     Contained within the Parties contract, by force of law, was an implied covenant of good faith and fair dealing.

33.     The acts and omissions of Defendants in denying coverage, as described above, violated, nullified and significantly impaired Spencer's benefits and rights under the Payment Protection Plan, thereby breaching the implied covenant of good faith and fair dealing.

34.     The above-described breaches of the implied covenant of good faith and fair dealing are not exhaustive. Spencer, on information and belief, alleges that there may be other breaches of the covenant of good faith and fair dealing by Defendants.

35.     As a direct, proximate and foreseeable result of Defendants' breaches of the implied covenant of good faith and fair dealing, Spencer has suffered damages in excess of the jurisdictional minimum of this Court, as previously described. Spencer will establish the precise amount of damages, including, but not limited to, its attorneys' fees, according to proof at trial.

**COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b) - 7**

COUNT IV

BAD FAITH

36.    The allegations included in paragraphs 1 through 35 above are incorporated by reference and made a part hereof.

37.    Defendants and Spencer were in an insurer/adjuster/insured relationship.  As such, Defendants had a duty to act in good faith in their dealings with Spencer in handling her claim for benefits.  Defendants breached their duty of good faith by intentionally, wantonly, unreasonably, and in bad faith denying Spencer's covered claim.

38.    Defendants' wrongful denial of Spencer's claim was not a result of a good faith mistake, and the resulting harm to Spencer is not fully compensable by contract damages.

39.    Defendants acted in bad faith, and intentionally and unreasonably in their dealings with Spencer, and placed their interests ahead of Spencer's by failing to provide policy benefits in accordance with the terms and conditions of the Payment Protection Plan.

40.    The Defendants acted in bad faith in their dealings with Spencer by including, but not limited to, the following acts and omissions, all of which were intentional and unreasonable: (1) misrepresenting the insurance coverage provided to Spencer; (2) failing to provide policy benefits in accordance with the terms and conditions of the policy; (3) failing to provide benefits in accordance with point-of-sale representations made to Spencer; (4) failing to honestly advise Spencer of her rights under the terms and conditions of her policy of insurance; (5) refusing to pay claims without conducting a reasonable investigation based upon all available information; (6) not attempting in good faith to effectuate prompt, fair and equitable settlement of the claim; and (7) compelling Spencer to institute litigation to recover amounts due under the Payment Protection Plan.

**COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b) - 8**

41.     The above-described bad faith acts are in direct breach of Defendants' common-law duty to act in good faith with respect to their insured and are not exhaustive. Spencer, on information and belief, alleges that there may be other instances of intentional bad faith by Defendants.

42.     As a direct and proximate result of Defendants' bad faith acts, Spencer has suffered damages in excess of the jurisdictional minimum of this Court. Those damages include, but are not limited to, the value of the benefits Spencer was and is entitled to, damage to Spencer's credit rating and severe emotional distress. Spencer will establish the precise amount of damages, including, but not limited to, her attorneys' fees, according to proof at trial.

## COUNT V

## NEGLIGENCE

43.     The allegations included in paragraphs 1 through 42 above are incorporated by reference and made a part hereof.

44.     Defendants owed Spencer a duty to act with reasonable care in their dealings with Spencer.

45.     Defendants breached that duty by unreasonably denying coverage, by failing to pay covered losses, and by delaying payment of covered losses.

46.     The above-described acts of negligence are in direct breach of Defendants' common law duty to exercise reasonable care in dealing with Spencer. The above-described acts of negligence are not exhaustive. Spencer, on information and belief, alleges that there may be other acts of negligence by Defendants.

47.     As a direct and proximate result of Defendants' negligence, Spencer has suffered damages in excess of the jurisdictional minimum of this Court.  Spencer will establish the precise amount of damages, including, but not limited to, her attorneys' fees, according to proof, at trial.

## COUNT VI

### FRAUD

48.     The allegations included in paragraphs 1 through 47 above are incorporated by reference and made a part hereof.

49.     Defendants represented to Spencer that she would receive death benefits in the event of her husband's death because her husband was a secondary card holder.

50.     Defendants have now taken the position that Spencer's husband was not a secondary cardholder and that Spencer is not entitled to death benefits.

51.     If Spencer's husband was not a secondary card holder and if she is not entitled to death benefits, Defendants made the above-referenced representations with the intent that Spencer rely on said representations, all the while knowing that said representations were false or with reckless indifference to the truth of the representations.

52.     Spencer, in fact, reasonably and justifiably relied upon Defendants' representations.

53.     The foregoing representations were material to Spencer's decision to purchase the Payment Protection Plan and to continue with the Plan.

54.     As a direct, consequent, and proximate result of the above-mentioned fraud, the Spencer has suffered damages in an amount to be proven at the time of trial, but which the Spencer believes exceeds the jurisdictional minimum requirements of the Court.

**COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b) - 10**

## COUNT VII

## CONSTRUCTIVE FRAUD

55.     The allegations included in paragraphs 1 through 54 above are incorporated by reference and made a part hereof.

56.     There existed a fiduciary relationship or a fiduciary-like relationship between Spencer and Defendants as a result of the parties' insured/insurer/adjuster relationship.  This relationship imposed a duty and obligation upon the Defendants to be truthful, when stating matters of fact or opinion, and imposed a duty upon Defendants to disclose all relevant and material information, that in any way affected and/or may have affected their insured.  Based upon said relationship, Plaintiff had a right to rely upon Defendants' affirmative representations and omissions.

57.     Defendants failed to inform Spencer that she was not entitled to death benefits under the Payment Protection Plan in the event of the death of her husband.

58.     Spencer was ignorant of the above-referenced material nondisclosures by Defendants, and had no way of knowing about said nondisclosures.

59.     As a direct, consequent and proximate result of the above-mentioned constructive fraud, Spencer has suffered damages in an amount to be proven at the time of trial, but which amount Spencer believes exceeds the jurisdictional minimum requirements of this Court.

## COUNT VIII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60.     The allegations included in paragraphs 1 through 59 above are incorporated by reference and made a part hereof.

**COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b) - 11**

61.     At all times material hereto, the Defendants' conduct was extreme and outrageous by doing and failing to do the things required under the terms of the Payment Protection Plan as represented to Spencer, all of which the Defendants knew would inflict severe emotional distress on Spencer because of the financial stress caused by failure to provide benefits in accordance with the parties' contract.

62.     At all times material hereto, the Defendants' conduct was extreme and outrageous by wrongfully attempting to collect a debt that should have been relieved under the Payment Protection Plan, placing the account in default and reporting the default to credit reporting agencies and by using abusive tactics to collect a debt that should have been relieved under the Payment Protection Plan.

63.     Defendants knew or should have known that such conduct would inflict severe emotional distress on Spencer.

64.     The Defendants' conduct was extreme and outrageous and did, in fact, result in Spencer suffering severe emotional distress.

65.     As a direct, consequent, and proximate result of said extreme and outrageous conduct, Spencer has suffered damages in an amount to be proven at the time of trial, but which amount Spencer believes exceeds the jurisdictional minimum requirements of this Court.

## COUNT IX

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

66.     The allegations included in paragraphs 1 through 65 above are incorporated by reference and made a part hereof.

67.     At all material times, Defendants negligently failed to meet the requirements imposed by the terms of the Payment Protection Plan causing Spencer severe financial distress.

**COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b) - 12**

Defendants' negligence caused Spencer to suffer severe emotional distress, which was accompanied by physical injury and a physical manifestation of said injury.

68.     At all material times, Defendants caused Spencer to suffer emotional distress by negligently failing to provide the benefits owed to Spencer under the Payment Protection Plan, placing the account in default, reporting the default to credit reporting agencies, and by using abusive tactics to collect a debt that should have been relieved under the Payment Protection Plan.  Spencer's severe emotional distress was accompanied by physical injury and a physical manifestation of said injury.

69.     As a direct, consequent, and proximate result of said negligent conduct, Spencer has suffered damages in an amount to be proven at the time of trial, but which amount Spencer believes exceeds the jurisdictional minimum requirements of this Court.

## COUNT X

### INTENTIONAL INTERFERENCE WITH CONTRACT

70.     The allegations included in paragraphs 1 through 69 above are incorporated by reference and made a part hereof.

71.     In the alternative, if Capital One did not act as Stonebridge's agent in its dealings with Spencer concerning the Payment Protection Plan, Capital One wrongfully and intentionally interfered with Spencer's insurance contract with Stonebridge by instructing Stonebridge not to pay Spencer's claim for benefits.

72.     Capital One was aware that Spencer had a contractual relationship with Stonebridge, and intentionally interfered with the same.

73.     Capital One's interference was wrongful in that Capital One had an improper purpose or objective to harm Spencer and utilized improper means to cause such harm.

**COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b) - 13**

74.     As a direct, consequent, and proximate result of said conduct, Spencer has suffered damages in an amount to be proven at the time of trial, but which amount Spencer believes exceeds the jurisdictional minimum requirements of this Court.

## PUNITIVE DAMAGES

75.     The Defendants, by their conduct, have engaged in extreme deviations from reasonable standards of conduct in the insurance industry, and have engaged in gross, wanton, outrageous, fraudulent, oppressive and unconscionable conduct; wherefore, Spencer reserves the right to seek leave of court to amend this Complaint to plead for the recovery of punitive damages against Defendants in such amounts as will be proven at trial.

## ATTORNEY FEES

Spencer has been required to obtain the assistance of counsel to assist in the prosecution of this matter, and have retained the services of Greener Banducci Shoemaker, P.A., and has agreed to pay said attorneys a reasonable fee.  Spencer is entitled to recover her reasonable costs and attorneys fees incurred in the prosecution of this matter pursuant to Idaho Code §§ 12-120, 12-121 and 41-1839, or other applicable law.

## DEMAND FOR JURY TRIAL

Spencer hereby demands a trial by jury as to all issues.

## PRAYER FOR RELIEF

WHEREFORE, Spencer prays for the entry of an order:

1.     Declaring that Eldon Spencer was a secondary cardholder;

2.     Declaring that under the terms of the Payment Protection Plan, Spencer is entitled to death benefits as a result of the death of Eldon Spencer;

COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b) - 14

3.      Declaring that Defendants breached the Payment Protection Plan by failing to pay off Spencer's Capital One account;

4.      Declaring that Defendants duty of coverage is not fairly debatable;

5.      Declaring that Spencer's Capital One Account should not have been placed in default;

6.      Declaring that Defendants breached the covenant of good faith and fair dealing by nullifying and significantly impairing Spencer's benefits and rights under the Payment Protection Plan;

7.      Declaring that Defendants misrepresented the insurance coverage provided to Spencer;

8.      Declaring that Defendants failed to provide policy benefits in accordance with the terms and conditions of the policy;

9.      Declaring that Defendants failed to provide benefits in accordance with point-of-sale representations made to Spencer;

10.     Declaring that Defendants failed to honestly advise Spencer of her rights under the terms and conditions of her policy of insurance;

11.     Declaring that Defendants refused to pay claims without conducting a reasonable investigation based upon all available information;

12.     Declaring that Defendants failed to attempt in good faith to effectuate prompt, fair and equitable settlement of the claim;

13.     Awarding Spencer damages in an amount proven at trial;

14.     Awarding Spencer her reasonable attorneys' fees and costs pursuant to Rule 54, Idaho Code §§ 12-120, 12-121 and 41-1839 or other applicable law; and

**COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b) - 15**

15.     For such other further relief, at law and in equity, as the Court deems just and

proper.

DATED this _28th_ day of _March_____, 2007.

GREENER BANDUCCI SHOEMAKER, P.A.


Wade L. Woodard
Attorney for Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO I.R.C.P. 38(b) - 16**