IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BARBARA A. SPENCER, ) | |
| ) | Case No. CV-07-197-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| v. ) | **DECISION AND ORDER** |
| ) | |
| CAPITAL ONE BANK, CAPITAL ONE ) | |
| SERVICES, INC., AND STONEBRIDGE ) | |
| BENEFIT SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## INTRODUCTION

The Court has before it Capital One's motion to compel arbitration. For the reasons expressed below, the Court will deny that motion.

## FACTUAL BACKGROUND

Plaintiff Spencer and her husband applied for and received a credit card from Capital One. In connection with that card, they paid premiums for a "Payment Protection Plan" that promised to pay off the card's balance if either of them died. When her husband died, Spencer filed a claim for benefits under the Plan. When Capital One – through Stonebridge Benefit Services Inc. – refused to pay, Spencer brought this lawsuit in Idaho state court against both entities.

**Memorandum Decision and Order – Page 1**

Capital One removed the case here, and filed a motion to compel arbitration. Capital One alleges that the terms of the Customer Agreement it had with Spencer compel her to proceed in arbitration. Stonebridge, also a defendant here, has filed a Notice of Non-Opposition to the motion, asserting that this action should be stayed against it until the arbitration proceeding is resolved. Stonebridge had no arbitration agreement with Spencer.

Spencer argues that the arbitration provisions of the Customer Agreement are not binding on her. She asks the Court to deny the motion and proceed with the litigation.

## ANALYSIS

The Court will assume, *arguendo*, that the terms of the Customer Agreement govern this dispute. *See Exhibits A & B attached to Amended Affidavit of Sharp.* That Agreement contains a choice-of-law provision (choosing Virginia law) and a forum-selection clause (selecting arbitration as the exclusive forum for resolving disputes if one party so chooses).

The Court will assume, *arguendo*, that Virginia law governs this dispute according to the choice-of-law provision. Under Virginia law, forum-selection clauses are enforced pursuant to the Supreme Court's analysis in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15-17 (1972). *See e.g., Jones v. Dent Wizard*

**Memorandum Decision and Order – Page 2**

*Intern. Corp*, 2002 WL 32254731 (May 6, 2002 Va.Cir.Ct.). In *The Bremen*, the Supreme Court refused to enforce forum-selection clauses that contravene a strong public policy of the state where the suit was filed, *i.e.*, Idaho in this case. *The Bremen*, 407 U.S. at 15-17. Virginia follows suit. *Jones,* 2002 WL at *3. Thus, Virginia would refuse to apply a forum-selection clause that contravened a strong public policy in the state of Idaho.

Idaho has a strong public policy against forum-selection clauses as set forth in Idaho Code § 29-110(1):

> Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals, or which limits the time within which he may enforce his rights, is void.

Capital One's Customer Agreement requires Spencer to forego a court proceeding and arbitrate the dispute if Capital One so chooses. Thus, the clause offends Idaho Code § 29-110(1) because it "restrict[s] [Spencer] from enforcing [her] rights under the contract by the usual proceedings in the ordinary tribunals," *i.e.*, the courts.

Capital One argues that the Agreement does not restrict Spencer's rights because it allows appeal "to any court having jurisdiction, including federal courts in Idaho." *See Capital One Reply Brief* at p. 7. That is not how the Agreement is worded, however. Rather, it states that any arbitration decision (by either a single

**Memorandum Decision and Order – Page 3**

arbitrator or an arbitration appeal panel) "is subject to judicial review only as set forth in the FAA." *See Agreement attached as Exhibits A & B to Amended Affidavit of Sharp*.

The FAA grounds for judicial review are "extremely limited." *Kyocera Corp. v. Prudential-Bache*, 341 F.3d 987, 998 (9th Cir. 2003). Under the FAA, "the court must grant such an order [*i.e.,* confirm the arbitration decision] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Section 10 allows for vacatur only if there was corruption, misbehavior or like conduct on the part of the arbitrators. 9 U.S.C. § 10. Section 11 allows a court to modify or correct an award only if there is (1) a miscalculation, (2) an award made upon a matter not submitted to the arbitrators, or (3) "where the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11. "[C]onfirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *French v. Merrill Lynch*, 784 F.2d 902, 906 (9th Cir. 1986).

This "extremely limited" grant of judicial review, *Kyocera*, 341 F.3d at 998, cannot pass muster under Idaho Code § 29-110(1). For that reason, Virginia law would honor Idaho's strong public policy against the arbitration provision in the Customer Agreement and refuse to enforce it. Accordingly, the motion to compel

**Memorandum Decision and Order – Page 4**

arbitration will be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel arbitration (Docket No. 15) is DENIED.

DATED:  **September 11, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge